NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0331n.06

No. 23-2108

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 09, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| CRAIG TROUT, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: KETHLEDGE, MURPHY, and MATHIS, Circuit Judges.

KETHLEDGE, Circuit Judge. Craig Trout pled guilty to transporting child pornography. He now argues that his 195-month sentence was substantively unreasonable. We reject his arguments and affirm.

I.

On August 17, 2016, while working at a job site in Detroit, Trout used his iPhone to upload 30 videos of child pornography to his DropBox account. One of those videos depicted a young girl performing oral sex on an adult male. A few weeks later, on September 7, Trout uploaded 13 images and videos of child pornography to the same account. This time, one of the videos showed a girl under 10 years old being penetrated by an adult man's finger and erect penis for nearly 42 minutes. After a tip from DropBox, authorities determined that the account—user name "Cum Upinme"—belonged to Trout.

When officers interviewed Trout, he confessed to uploading those files to his DropBox account and to using that account to share child pornography for two years. Trout told officers that he preferred pornography that depicted children under 13 years of age and as young as infants. Further, after failing a polygraph, Trout said that he had masturbated to child pornography in view of his 18-month-old son on at least three occasions. Trout also said he once made his four-year-old son rub his erect penis and masturbated in front of his son while they showered together.

A grand jury thereafter charged Trout with two counts each of possessing child pornography and transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1) and (a)(5)(B). Trout pled guilty to one count of each offense and agreed, as relevant here, to a five-level enhancement under U.S.S.G. § 2G2.2(b)(5) for having "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." At sentencing, the district court dismissed one count for double jeopardy reasons and then sentenced Trout to the statutory maximum of 240 months in prison for transporting child pornography. Trout did not appeal.

A year later, however, Trout challenged the § 2G2.2(b)(5) enhancement in a motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied relief, but we vacated his sentence because Trout's counsel had rendered constitutionally ineffective assistance by not opposing the § 2G2.2(b)(5) enhancement. We explained that § 2G2.2(b)(5) did not apply to Trout's misconduct with his sons because he had not attempted or completed a "sexual act" as that term is defined by 18 U.S.C. § 2246(2). *Trout v. United States*, No. 20-1495, Order, pp. 4-5 (6th Cir. Oct. 5, 2021).

On remand, Trout again pled guilty to one count of transporting child pornography. A probation officer recalculated his Guidelines range without the § 2G2.2(b)(5) enhancement and recommended a lower range of 151 to 188 months. The new presentence report also noted that no

state charges had been brought for criminal sexual misconduct because Trout's son (then eight years old) said no inappropriate touching had occurred.

Before sentencing, the district court held an evidentiary hearing to view Trout's videotaped admissions about his sexual misconduct with his sons. The district court also asked the parties to address whether it could consider Trout's prior sexual misconduct in the absence of the § 2G2.2(b)(5) enhancement. The parties agreed (then and now) that the court had discretion to do so in considering "the history and characteristics of the defendant" under 18 U.S.C. § 3553(a)(1). *See also* 18 U.S.C. § 3661; U.S.S.G. § 1B1.4. At sentencing, the district court accepted the Guidelines range without objection, weighed the relevant § 3553(a) factors, and varied upward by seven months to impose a sentence of 195 months in prison. This appeal followed.

## II.

Trout argues that his sentence is substantively unreasonable. We review the reasonableness of a sentence, including the extent of any variance, for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is substantively unreasonable when the district court puts "too much weight" on some § 3553(a) factors and "too little on others." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

Trout primarily contends that the district court placed too much weight on his prior sexual misconduct, effectively circumventing this court's determination that the § 2G2.2(b)(5) enhancement did not apply. But Trout's sentence on remand was nearly four years shorter than his original sentence. Further, the district court reasonably considered Trout's prior sexual misconduct as part of his "history and characteristics," explaining that "as the children's father [Trout] had an obligation not to involve them in sexual misconduct at such a young age." The court saw breach of that obligation as "a serious mistake," notwithstanding Trout's genuine remorse.

Trout also argues that his sentence was too long because the district court did not take account of certain mitigating factors: his lack of prior convictions, his positive record in prison, and his low risk of recidivism. But the record does not support that contention. In fact, the district court treated all three as mitigating considerations. The court commented favorably that Trout had no prior criminal history and that he had worked while in custody to pay almost $5,000 in restitution. The court also credited Trout's argument that he posed a low risk of reoffending upon release. Specifically, several of Trout's former employers said they would hire him again, and Trout had unusually strong familial support. But the court found that those mitigating factors had to be weighed against the seriousness of his offense, which the court aptly described as sexual violence perpetrated on children that is captured electronically and exchanged "ad infinitum for years and years and years." The court also said it had weighed the need to deter others and protect the public as heavily as it had Trout's background characteristics.

That leaves Trout's contention that the court gave no weight to the need to avoid unwanted sentencing disparities under § 3553(a)(6). But a district court's consideration of a properly calculated Guidelines range necessarily gives "significant weight and consideration to the need to avoid unwarranted disparities." *Gall*, 552 U.S. at 54. Trout now asserts that his sentence is longer than the national average of sentences for child pornography and sex-abuse from 2022. But substantive reasonableness does not require a court to consult the Sentencing Commission's data, whether "entering a within-Guidelines sentence or one that falls outside the Guidelines range." *United States v. Hymes*, 19 F.4th 928, 936 (6th Cir. 2021).

Here, the district court balanced the relevant factors and decided to vary upward by seven months—an increase of less than four percent above Trout's recalculated Guidelines range. Trout's sentence was substantively reasonable.

\* \* \*

The district court's judgment is affirmed.